**Opinion issued July 9, 2026.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-26-00626-CR

_____

## EX PARTE LUKE GERARD THERIOT

---

**On Appeal from the County Criminal Court at Law No. 5**
**Harris County, Texas**
**Trial Court Case No. 2624826**

---

## MEMORANDUM OPINION

The appellant, Luke Gerald Theriot, is confined in Harris County jail on a governor's warrant ordering his extradition to Louisiana. The appellant filed an application for writ of habeas corpus, alleging his restraint was unlawful. The habeas court held a hearing and denied relief. Because pretrial habeas is among the most expedited matters in our system, and because the resolution of this case is clear on

the record, we have submitted the case without briefing from the parties. *See* TEX. R. APP. P. 31.1(b) (making briefing in appellate court discretionary on pretrial habeas appeals). We shall affirm because the appellant's claims fail on the merits and are not cognizable on a writ of habeas corpus.

It is the duty of the Governor of Texas "to have arrested and delivered up to the Executive Authority of any other State of the United States any person charged in that State with treason, felony, or other crime, who has fled from justice and is found in this State." TEX. CODE CRIM. PROC. art. 51.13 § 2. To cause the issuance of a governor's warrant for extradition, the demanding State must file a written demand alleging "that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State," and the demanding State must accompany its demand with certain types of proof of the charges. *Id*. at § 3.

Here, Louisiana's demand states that the appellant was physically present in Louisiana when he committed the offenses of "[c]yberstalking [v]ia [e]lectronic [m]ail" and [f]alse [s]tatement [c]oncerning [d]enial of [c]onstitutional [r]ights[.]" The extradition packet contained affidavits from Louisiana law enforcement officers detailing the events that led to these charges, as well as arrest warrants; the combination of which satisfies Article 51.13 Section 3's evidentiary requirement. *See id*. (allowing proof "by information supported by affidavit in the State having

2

jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon[]").

A defendant arrested on a fugitive warrant may seek relief via habeas corpus. *See id*. at § 10. However, because the United States constitution requires States to honor other States' extradition requests for fugitives, habeas review of a governor's warrant is limited to four issues: (1) whether the extradition documents on their face are in order; (2) whether an appellant has been charged with a crime in the demanding State; (3) whether an appellant is the person named in the request for extradition; and (4) whether an appellant is a fugitive. *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 543 (Tex. Crim. App. 1991) (citing *Michigan v. Doran*, 439 U.S. 282, 289 (1978); *see* U.S. CONST. art. IV, § 2.

The appellant's only complaint in his habeas application was that the documents were not in order. Specifically, the appellant pointed out that two affidavits in the extradition packet gave different dates for the events that gave rise to the false-statement charge. The appellant noted that one of these dates did not comport with the stated date of the offense in the demand letter. [1]

---

[1] At the habeas hearing, the appellant's counsel said there was an "issue" about his status as a fugitive, but there was no development of this matter legally or factually. At one point during his argument, counsel implied that the appellant had not been to Louisiana in over ten years. The trial court asked what the import of this observation was, but counsel returned to arguing about the date discrepancy. Later, the appellant asked about "the four-prong review, the status as a fugitive," but when the habeas court assured him that was not at issue, the appellant replied, "All right."

3

The habeas court denied relief and we hold that it was correct to do so. In an extradition proceeding, the asylum State must defer to judicial determinations made by the demanding State. *Doran*, 439 U.S. at 290. The habeas court was not at liberty to revisit the probable cause determinations already made in Louisiana. And irregularities in dates throughout an extradition packet do not provide a basis for the asylum State to refuse extradition. *Ex parte Baty*, 784 S.W.2d 147, 149 (Tex. App.—Fort Worth 1990, no writ).

Aside from failing on the merits, the appellant's claim was not cognizable on habeas review because it did not attack the validity of the governor's warrant regarding the cyberstalking charge. Even if the habeas court had found that the inconsistencies in the packet vitiated the warrant regarding the false-statement charge, the appellant's restraint for the cyberstalking charge would still be lawful. To be cognizable on habeas review, a claim must be capable of resulting in the applicant's immediate release. *Ex parte Couch*, 678 S.W.3d 1, 4 (Tex. Crim. App. 2023). A habeas court does not abuse its discretion if, after issuing a writ for a

---

Once a state admits an extradition packet sufficient to prove the necessary facts for extradition, it is a defendant's burden to produce evidence contesting any element he wishes to contest. *Tarlton v. State*, 695 S.W.2d 357, 358 (Tex. App.—Houston [1st Dist.] 1985, no pet.). From the record here, we do not believe the appellant raised the issue of his fugitive status, but even if he did, his failure to produce evidence on the subject would have left the habeas court with no choice but to deny relief.

noncognizable claim, it denies relief. *McKeand v. State*, 430 S.W.3d 572, 573 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

## Conclusion

Accordingly, we affirm the habeas court's judgment.


Clint Morgan
Justice

Panel consists of Justices Guerra, Gunn, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).